**Eugene KOVALYK, Uliana Kovalyk, Petitioners,**

v.

**Alberto R. GONZALES,* United States Attorney General Respondent.**

**No. 02–4361–AG(L).**

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Visuvanathan Rudrakumaran, New York, New York, for Petitioners.

Kevin J. O'Connor, Assistant United States Attorney for the District of Connecticut, New Haven, Connecticut, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Eugene and Uliana Kovalyk petition for review of an order of the BIA summarily affirming an order of an immigration judge ("IJ") denying their applications for asylum and withholding of deportation and ordering them removed to Ukraine. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows:

This Court reviews an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). To vacate an IJ's ruling, this Court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is entitled to asylum], but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original).

There is substantial evidence to support the IJ's findings that the Kovalyks

failed to establish eligibility for asylum and withholding of deportation. Assuming *arguendo* that the Kovalyks' encounters with communists and the KGB amounted to past persecution such that a presumption of future persecution arises, any such presumption was rebutted because, as the IJ correctly noted, there have considerable changes in the country conditions in Ukraine since the Kovalyks' departure and, moreover, the Kovalyks had successfully relocated within Ukraine.

With respect to the changed circumstances, the IJ correctly observed that the Asylum Profile from the Bureau of Democracy, Human Rights, and Labor indicates that, since the Kovalyks fled Ukraine, a multi-party political system has emerged and, moreover, there is "no indication that governmental entities repress[ ] individuals or political parties because of their views." Additionally, the Asylum Profile further states that, although "it would not be surprising to find individual personnel [in Ukrainian law enforcement organizations] who are intolerant of dissent, the security services are effectively subordinated to the Ukrainian authorities, and there is little likelihood that they would now mistreat individuals because of their support for Ukranian independence at some time in the past." Accordingly, there is substantial evidence of changed circumstances in Ukraine so as to remove the Kovalyks' fear of future persecution.

Additionally, as the IJ correctly observed, the Kovalyk's lived in Ukraine for a period of two years without incident after relocating to the nearby region in which Uliana Kovalyk's mother lived. Even crediting Eugene Kovalyk's claim that communists occasionally followed him or watched his home, this does not amount to persecution so as to compel the conclusion that the relocation was not successful.

With respect to Eugene Kovalyk's claims that he may be the target of criminal organizations if returned to Ukraine, he has not demonstrated that he would be persecuted due to his membership in any particular social group. A "particular social group has been defined to encompass a collection of people closely affiliated with each other, who are actuated by some common impulse or interest." *Gomez v. INS,* 947 F.2d 660, 664 (2d Cir.1991) (citations and internal quotations omitted). Thus, a "particular social group" comprises "individuals who possess some fundamental characteristic in common which serves to distinguish them in the eyes of a persecutor—or in the eyes of the outside world in general.... Possession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group." *Id.* In *Gomez,* this Court rejected an alien's attempt to define her "particular social group" as women who had previously been attacked by guerillas, finding that the alien had failed to produce evidence of common characteristics other than youth and gender and had not demonstrated that she was more likely to be persecuted than any other young woman. *Id.*

■ Even more loosely associated than the women in *Gomez,* Eugene Kovalyk's alleged social group arguably consists of a number of unidentified politicians who have been the victims of various crimes at unspecified times throughout Ukraine. He has offered no evidence of common characteristics of this social group other than the "broadly-based" characteristic of having been the victim of a crime, much less shown that this group is "a collection of people closely affiliated with each other." *Id.* Additionally, Eugene Kovalyk has not asserted that the politicians are targeted *because* of their political opinions and the Asylum Profile notes that "mistreat-

ment by criminal elements of officials and political figures usually has little to do with the political opinion of their targets" and relates more to "the target's access to control over material resources." Accordingly, the Kovalyks have failed to demonstrate their eligibility for asylum and have likewise failed to establish entitlement to withholding of removal.

For these reasons, the petition for review is denied.